# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br>CDCR # AA-5994<br><br>                                    Plaintiff,<br><br>vs.<br><br>WILLIAM GORE; SCHROEDER; OMAR ORTEGA; MICHAEL DALBRATT; NICHOLAS RAMIREZ,<br><br>                                    Defendants. | Civil No.   10cv2457 BTM (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; AND**<br><br>**(3) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel.

**I.   MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

1  U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is
2  granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493
3  F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).
4  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in
5  installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28
6  U.S.C. § 1915(b)(1) & (2).

7  The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
8  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to
9  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that
10 he has insufficient funds from which to pay an initial partial filing fee.

11 Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and
12 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further
13 orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR")
14 to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them
15 to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
16 § 1915(b)(1).

17 **II.    MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**

18 Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action.
19 The Constitution provides no right to appointment of counsel in a civil case, however, unless an
20 indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social*
21 *Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are
22 granted discretion to appoint counsel for indigent persons. This discretion may be exercised only
23 under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A
24 finding of exceptional circumstances requires an evaluation of both the 'likelihood of success
25 on the merits and the ability of the plaintiff to articulate his claims pro se in light of the
26 complexity of the legal issues involved.' Neither of these issues is dispositive and both must be
27 viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d
28 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Plaintiff brings this Complaint based on allegations of facts arising from three days that he spent at UCSD Medical Center undergoing a hernia operation while a pre-trial detainee. (*See* Compl. at 1.) Plaintiff claims he was under the custody of the San Diego Sheriff's Department during this three day period. (*Id.* at 4.)

First, Plaintiff alleges that he was denied the right to telephone his family or his lawyer following the hernia operation. (*Id.*) While Plaintiff may have stated a claim, he fails to identify the Defendant whom he claims is responsible for this action. Instead Plaintiff only refers to "deputy guard" and "San Diego Central Jail Deputies." (*Id.*) If Plaintiff chooses to amend this action, he must identify with more specificity the Defendants whom he claims refused to allow him to use a telephone for three days.

Second, Plaintiff alleges that Defendant Ortega refused to comply with a Physicians' order directing Plaintiff to walk after his surgery, claiming Plaintiff is a "high risk escape." (*Id.*) While Plaintiff was a pre-trial detainee at the time, the Ninth Circuit has held that a "pretrial

detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06. The "deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

If Plaintiff is attempting to allege that there was a delay in treatment based on Defendant Ortega's actions in which he allegedly refused to comply with a Physician's orders to walk following his surgery, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of Defendant Ortega's action. Plaintiff was only in the hospital for three days and he fails to allege any facts to show that he was harmed by not being able to walk around the hospital following his surgery. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

Plaintiff alleges that Defendants Dalbratt and Ramirez "left [Plaintiff] starving for three (3) days" while he was hospitalized at UCSD Medical Center. (Compl. at 5.) Defendants Dalbratt and Ramirez are Deputy Sheriffs. (*Id.* at 2-3.) However, in another portion of his Complaint, Plaintiff alleges San Diego Sheriff William Gore and San Diego Sheriff Lieutenant E. Schroeder were responsible for the alleged deprivation of food for the three days he was in the hospital. (*Id.* at 6.) Plaintiff does not allege any facts as to what role, if any, that medical staff played in this alleged complete deprivation of food while he was hospitalized following his surgery. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Here, the claims that two Deputy

Sheriffs could have completely deprived Plaintiff of food for three days while under the care of hospital medical staff does not rise to level of "facial plausibility." *Id.* Plaintiff must plead more facts surrounding the circumstances of this alleged deprivation in order for the Court to find that he has adequately stated a claim. In other words, Plaintiff must plead more facts to "nudge" his claim of deliberate indifference "across the line from conceivable to plausible." *Id.* (citing *Bell v. Twombly*, 550 U.S. 544, 577 (2007)).

Plaintiff further alleges that Defendants Ortega, Dalbratt and Ramirez used excessive force while handcuffing him causing his wrists to bleed and bruise in retaliation for his "alleged' high profile escape." (Compl. at 4-5.) The Court finds that Plaintiff has alleged facts sufficient to state an excessive force claim against these Defendants. However, to the extent that Plaintiff is attempting to allege a retaliation claim against these Defendants, the Court dismisses these claims as duplicative. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Plaintiff has filed ten cases pursuant to § 1983 and several involve the same Defendants. In addition, many of Plaintiff's other lawsuits involve allegations arising from the day before and the days immediately following the claims that are in the action currently before the Court. *See Tran v. Gore, et al.*, 10cv0464 DMS (POR); *Tran v. Gore, et al.*, 10cv1323 BTM (WMc) and *Tran v. Gore, et al.*, 10cv1751 JAH (WVG). In these matters, Plaintiff often refers to the same Defendants and claims that their actions were taken in retaliation for the fact that he was being charged with attempting to escape from the San Diego Central Jail. Thus, Plaintiff cannot proceed with a retaliation claim in this action based on the same set of facts against the same Defendants because it would lead to inconsistent rulings. The Court will dismiss Plaintiff's retaliation claims without leave to amend but also without prejudice to pursue in the other actions.

Plaintiff will have the opportunity to file an Amended Complaint or notify the Court that he intends to proceed as to those claims that the Court has determine survive the screening process.

### IV. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff has thirty (30) days to either: (1) notify the Court of his intention to proceed with the claims that the Court has determined survive the sua sponte screening process; or (2) file an amended complaint which addresses each deficiency of pleading noted above. If Plaintiff chooses to file an Amended Complaint it must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff chooses the first option, the Court will issue the appropriate Order directing the United States Marshal to effect service as to the remaining Defendants and claims.

DATED: May 2, 2011

Honorable Barry Ted Moskowitz
United States District Judge