# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>                  Plaintiff,<br>  v.<br><br>WILLIAM GORE, et al.<br><br>                  Defendants. | Case No. 10cv2457 BTM(WVG)<br><br>**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT, DEFAULT JUDGMENT, SUMMARY JUDGMENT, AND SANCTIONS** |

      In an order filed on May 23, 2012, the Court ordered Defendants to show cause why default should not be entered against them for failing to respond to the Complaint. The Court explained that it appeared that the U.S. Marshal had served Defendants by substituted service under Cal. Civ. Proc. Code § 415.10. On May 31, 2012, Defendants filed a response to the OSC as well as an Answer. Each of the defendants state that they are not aware that a summons and complaint was left for them at their place of work. Defendants also argue that Plaintiff has made no showing that personal service was ever attempted before resorting to substituted service under Cal. Civ. Proc. Code § 415.10. Without an evidentiary hearing, the Court cannot make any finding whether service was properly effectuated.

      The Court notes, however, that at oral argument, Defendants' counsel represented that Defendants received the complaint and a waiver form in their mailboxes. (Hearing Tr. at 6, 9.) Under Fed. R. Civ. P. 4(d)(2), if a defendant fails, without good cause, to sign and return a waiver, in the event that service is eventually effected, the court must impose on the

defendant the expenses incurred in making service and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. The purpose of this provision is to "foster cooperation among adversaries and counsel" and "to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed." Fed. R. Civ. P. 4(d)(2), Advisory Committee note on 1993 amendments. Defendants did not execute the waiver of service, and counsel for Defendants informed Plaintiff that service had not been accomplished. (Tr. at 5.) Although Defendants were not required to waive service, declining to waive in a case such as this, where the plaintiff is proceeding in forma pauperis, results in the U.S. Marshal Service taking time out from their important duties of protecting the community to effect service on deputy sheriffs. Given the potential for interference with the U.S. Marshal's law enforcement duties and the risk of service expenses eventually being taxed against the defendants, it makes little sense to the Court to require the U.S. Marshal to jump through the hoops of effecting personal service.

However, since Defendants have filed an answer and are willing to proceed with the case, the issue of service is now moot. Generally, default judgments are disfavored, and cases should be decided upon their merits whenever reasonably possible. Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009). Given Defendants' willingness to participate in the litigation and the lack of any apparent prejudice to Plaintiff at this time, the Court declines to enter default against Defendants. See Tryon v. AgriNova Corp., Inc., 2011 WL 332415 (D. Md. 2011) (court denied motion for entry of default after the defendant filed its answer even though defendant's answer was untimely).

Plaintiff's motion to enter default against Defendants is **DENIED**. The Court also **DENIES** Plaintiff's motion for default judgment, sanctions, and summary judgment [Doc. No. 21] based on Defendants' failure to file an answer.

**IT IS SO ORDERED.**

DATED: June 27, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court