UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　10-2457-BTM(WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 29)** |

Plaintiff Hoang Minh Tran, a former state prisoner, is proceeding *pro se* on a civil rights action filed under 28 U.S.C. § 1983. On September 17, 2012, Plaintiff filed a Motion Requesting the Court Appoint a Pro Bono Counsel Under Extraordinary Circumstances of Mental and Physical Hardship. This is Plaintiff's third request for appointment of counsel. Plaintiff argues the appointment of counsel is appropriate because he is "under heavy psychotropic medications," has "problems walking," is schizophrenic, is unable to afford counsel, and English is not his first language. For the reasons set forth below, the Court hereby **DENIES** Plaintiff's Motion without prejudice .

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell

1  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir.
2  1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success
3  on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of
4  the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before
5  reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

6      In the absence of counsel, however, the procedures employed by the federal courts are highly
7  protective of a pro se litigant's rights. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se*
8  complaint to less stringent standard) (per curiam). Where a plaintiff appears *pro se* in a civil rights case,
9  the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-
10 Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction
11 is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).
12 In this case, Plaintiff has failed to demonstrate extraordinary circumstances. Plaintiff has not shown
13 how his alleged medical conditions prevent him from sufficiently prosecuting his lawsuit. Rather,
14 Plaintiff's numerous filings demonstrate he has a good grasp of his case and the legal issues involved.
15     Accordingly, the Court hereby **DENIES** without prejudice Plaintiff's Motion for Appointment
16 of Counsel.

17     **IT IS SO ORDERED.**

19 DATED: September 19, 2012

                                              Hon. William V. Gallo
                                              U.S. Magistrate Judge