UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>                    Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>                    Defendants. | Civil No.   10-2457-BTM(WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTITLEMENT OF AMERICANS DISABILITY ACT [ADA] REASONABLE ACCOMMODATION UNDER REHABILITATION ACT TITLE II REQUIRED APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 35)** |

Plaintiff Hoang Minh Tran, a former state prisoner, is proceeding *pro se* on a civil rights action filed under 28 U.S.C. § 1983. On November 8, 2012, Plaintiff filed a "Motion For Entitlement of Americans Disability Act [ADA] Reasonable Accommodation Under Rehabilitation Act Title II Required Appointment of Counsel," which the Court construes as a Motion for Appointment of Counsel. This is Plaintiff's fourth request for appointment of counsel.  Plaintiff argues that the appointment of counsel is appropriate under the Americans With Disabilities Act ("ADA")  and the Rehabilitation Act because he is "under heavy psychotropic medications," has "problems walking," and is schizophrenic. For the reasons set forth below, the Court hereby **DENIES** Plaintiff's Motion without prejudice .

Plaintiff argues that he is entitled to appointment of counsel as reasonable accommodation under the ADA and Rehabilitation Act. However, Plaintiff does not address whether the reasonable accommodation he seeks (appointment of counsel) is available under the ADA and/or the Rehabilitation Act. In fact, Plaintiff does not cite any authority, nor has the Court found any authority, to suggest that

appointment of counsel in a civil lawsuit brought under 28 U.S.C. §1983 provides reasonable accommodation to a disabled *pro se* litigant.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the absence of counsel, however, the procedures employed by the federal courts are highly protective of a pro se litigant's rights. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In this case, Plaintiff has failed to demonstrate extraordinary circumstances. Plaintiff has not shown that under the ADA or Rehabilitation Act, he is entitled to appointment of counsel, nor how his alleged medical conditions prevent him from sufficiently prosecuting his lawsuit. Rather, Plaintiff's numerous

filings demonstrate he has a good grasp of his case and the legal issues involved.

Accordingly, the Court hereby **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

DATED: November 20, 2012

Hon. William V. Gallo
U.S. Magistrate Judge