UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>    Defendant.<br>_____ | No. 10-CV-2457-BTM (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REQUESTING COMPETENCY HEARING BASED ON PLAINTIFF'S MENTAL & PHYSICAL DISABILITY PURSUANT TO FED. R. CIV. P. RULE 17(c) AND ALLAN TRACY GILMORE'S *EX PARTE* MOTION AND REQUEST FOR COURT TO APPOINT NEXT FRIEND OR APPOINT COUNSEL TO LITIGATE ON BEHALF OF HOANG MINH TRAN DUE TO INCOMPETENCE**<br><br>[DOC. NOS. 38, 49] |

Pending before the Court is Plaintiff Hoang Minh Tran's ("Plaintiff") "Motion Requested Competency Hearing Based on Plaintiff's Mental & Physical Disability Pursuant to Fed. R. Civ. P. Rule 17(c)" and Non-Party Allan Tracy Gilmore's ("Mr. Gilmore") "*Ex Parte* Motion and Request for Court to Appoint Next Friend or Appoint Counsel to Litigate on Behalf of Hoang Minh Tran Due to Incompetence." (Doc. Nos. 38, 49.) For the reasons stated below, these Motions are **DENIED** without prejudice.

## I. BACKGROUND

Plaintiff, a former state prisoner, is proceeding *pro se* on a civil rights action filed under 28 U.S.C. § 1983. On November 8, 2012, Plaintiff filed a "Motion Requested Competency Hearing Based on Plaintiff's Mental & Physical Disability

Pursuant to Fed. R. Civ. P. Rule 17(c)," which the Court construes as a Motion for Appointment of Counsel. (Doc. No. 38.) This is Plaintiff's fifth request for appointment of counsel. Plaintiff argues a competency hearing is appropriate because he suffers from schizophrenia, Post-Traumatic Stress Disorder ("PTSD"), severe depression, and chronic anxiety for which he takes psychotropic and painkiller medications. Id. Plaintiff states the medications he consumes cause drowsiness, dizziness, light headache, and lack of concentration. Id.

On November 27, 2012, after reviewing the Motion and the medical records submitted with Plaintiff's "Motion For Entitlement of Americans Disability Act [ADA] Reasonable Accommodation Under Rehabilitation Act Title II Required Appointment of Counsel," this Court ordered Plaintiff to submit "all of his medical records from January 1, 2012 to the present that support his allegations that he is incompetent" by December 17, 2012. (Doc. No. 39.) On the same date, this Court ordered Defendants William D. Gore, et al., ("Defendants") to file an opposition to Plaintiff's Motion by January 14, 2013. Id.

On December 17, 2012, Plaintiff filed his 2012 medical records. (Doc. No. 46.) Together with his medical records, Plaintiff submitted a sworn declaration in which he claims appointed counsel could make tactical decisions he is unable to make due to his mental illness. Id. Plaintiff's declaration also argues that the case is complex and requires an expert witness. Id. Also included with Plaintiff's medical records is a letter from Dr. Li Liang, a psychiatrist at Exodus Recovery. Id. Dr. Liang's letter states that Plaintiff has been a client at Exodus Recovery and has been followed by a psychiatrist. Id. Dr. Liang's letter did not address Plaintiff's medical or psychiatric issues. On February 5, 2013, Plaintiff submitted additional medical records. (Doc. No. 54.)

On January 10, 2013, at the conclusion of an Order to Show Cause Hearing before this Court, Plaintiff filed Mr. Gilmore's "*Ex Parte* Motion and Request for Court to Appoint Next Friend or Appoint Counsel to Litigate on Behalf of Hoang Minh Tran

Due to Incompetence." (Doc. No. 49.) Although filed by Mr. Gilmore, the Court construes this as Plaintiff's sixth request for appointment of counsel. Mr. Gilmore asserts that he is incarcerated and cannot appear in court on behalf of Plaintiff. Id. Together with his Motion, Mr. Gilmore submitted a sworn declaration in which he states he has been litigating his own criminal case in addition to assisting Plaintiff with this case. Id. Mr. Gilmore's declaration also alleges that he is a witness to Plaintiff's mental incompetence, physical disability, and "severe lack of ability to prosecute this case." Id.

On January 14, 2013, Defendants filed their opposition to Plaintiff's request for a competency hearing. (Doc. No. 50.) Defendants argue that Plaintiff understands the nature and extent of the proceedings because at show cause hearings he offered explanations for his conduct to avoid the imposition of sanctions. Id. Defendants further argue that Plaintiff's medical records do not provide any basis to believe Plaintiff is incompetent. Id. Defendants also note that Plaintiff "has filed numerous motions and had discussions with the court that demonstrate that he is competent." Id. Defendants also submitted a copy of a transcript from an Order to Show Cause Hearing held before Judge Major on November 27, 2012 in case 10CV2682-BTM(BLM). Id. During the hearing, Plaintiff was required to explain why sanctions should not be imposed for his failure to appear at a Settlement Conference and his failure to respond to Defendant's discovery requests. Id. Judge Major noted that since Plaintiff submits "constant orders or motions" to her, he is capable of writing responses to Defendant's discovery requests. Id. Judge Major further stated Plaintiff has done a "good job" of representing himself and she still believed he was not entitled to appointment of counsel. Id.

On January 16, 2013, Defendants filed an opposition to Mr. Gilmore's motion for appointment of next friend or attorney. (Doc. No. 51.) Defendants argue that Mr. Gilmore "does not have the foundational basis to opine that [P]laintiff is incompetent."

Id. Defendants also argue that Mr. Gilmore does not qualify to be appointed as Plaintiff's next friend because he is not an attorney and is incarcerated. Id.

## II. LEGAL STANDARD

**Plaintiff's Motion for Competency Hearing**

"Pursuant to Fed. R. Civ. P. 17(c), courts are required to 'appoint a guardian ad litem for an … incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the … incompetent person. This Rule applies to habeas petitioners as it does to other civil litigants." Allen v. Calderon, 408 F.3d 1150 (9th Cir. 2005).

In Krain v. Smallwood, a non-habeas corpus case, the Ninth Circuit reasoned that "[t]he preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed, if needed." Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).

The Ninth Circuit has not specified what constitutes substantial evidence, but it did provide some insight in Allen. "As evidence of his incompetence, Allen submitted his own sworn declaration and that of another inmate. Each declaration explains that Allen is mentally ill and does not understand the court's instructions. As further support, Allen included a letter from the prison psychiatrist, dated April 8, 2002, which stated Allen is under his care, diagnosed with Chronic Undifferentiated Schizophrenia, and is taking two psychotropic medications." Allen, 408 F.3d at 1152. The Ninth Circuit ultimately found that the Petitioner submitted sufficient evidence of incompetence to at least require the district court to make a competency determination. The Court remanded the case and ordered the district court to conduct a competency hearing.

In McElroy v. Cox, a § 1983 case, Judge Battaglia applied Allen and found that there was no nexus between Plaintiff's mental disorder and his ability to articulate

his claims. McElroy v. Cox, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009).[1] Judge Battaglia noted that McElroy's medical record indicated that he functioned well when properly medicated. Id. In addition, Judge Battaglia noted that McElroy successfully opposed Defendants' motion to dismiss and filed two motions for appointment of counsel with clarity and proper arguments. Id.

In Shack v. Knipp, Judge Skomal denied Petitioner's request for a competency hearing after determining he did not provide substantial evidence of incompetency. Shack v. Knipp, 2012 WL 4111652, at *7 (S.D. Cal. Sept. 17, 2012). In Shack, the Petitioner failed to submit his own sworn declaration that he was mentally incompetent. Id. at *5. However, the Petitioner did submit a declaration from a fellow inmate. Id. Judge Skomal discounted the other inmate's declaration and determined that he did not have the training to make a determination as to whether the Petitioner could understand and respond to court orders. Id. Judge Skomal also noted that the Petitioner failed to provide a letter from his treating prison psychiatrist outlining his diagnosis, medications, and treatment program. Id. In looking at Shack's medical records, Judge Skomal determined "that despite Petitioner being diagnosed with schizoaffective disorder, depressed type, Petitioner is mentally stable, aware of the pending proceedings and communicates effectively." Id.

**Mr. Gilmore's *Ex Parte* Motion and Request for Appoint of Next Friend**

In Whitmore v. Arkansas, the Supreme Court determined that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). The Court established that "the scope of any federal doctrine of 'next friend' standing is no broader than what is permitted by the habeas corpus statute..." Id. at 164-65. Courts

---

[1] Judges in the Southern District of California assisted judges in the Eastern District of California with their caseload for a period of time. Thus, although Judge Battaglia sits in the Southern District of California, citing an order drafted by Judge Battaglia in an Eastern District of California case is not in error.

1  that have applied the habeas corpus statute require a 'next friend' to provide an
2  adequate explanation – such as mental incompetence – why the real party in interest
3  cannot appear on his own behalf to prosecute the action, and the 'next friend' must truly
4  be dedicated to the best interest of the person on whose behalf he or she seeks to
5  litigate. Id. at 163. The burden is on the 'next friend' to clearly establish the propriety
6  of his or her status. Id. at 164.

### III. DISCUSSION

**Plaintiff's Motion for Competency Hearing**

Unlike Allen, Plaintiff's sworn declaration does not state that he has difficulty understanding court orders or that he does not know how to respond to them. Rather, Plaintiff's declaration only states that he has a mental disability. The record in this case demonstrates that Plaintiff clearly understands court orders and how to respond to them. On May 8, 2012, Judge Moskowitz ordered Plaintiff to submit a written response to show cause why this case should not be dismissed for failure to prosecute. (Doc. No. 17.) On May 22, 2012, Plaintiff submitted a timely, written response to the order to show cause. (Doc. No. 18.) On December 4, 2012, this Court also ordered defendant to submit a written response to show cause why he has not responded to Defendants' discovery requests. (Doc. No. 44.) On December 17, 2012, Plaintiff again submitted a timely, written response to the order to show cause. (Doc. No. 46.) Moreover, as required by court orders, Plaintiff appeared in person at each of the above-mentioned show cause hearings.

At the show cause hearing before this Court on January 10, 2013, the Court noted that Plaintiff was very articulate and that he very clearly explained his circumstances without much difficulty. This Court also indicated during the hearing that Plaintiff appeared intellectually able to handle the discovery in this case. It was evident to the Court that Plaintiff was experiencing physical discomfort, but whatever pain he felt or medications he was taking did not at all seem to affect his clear thinking and exercise of sound judgment. While it is apparent to the Court that English is not

Plaintiff's first language, his command of the language is very strong. The Court observed Plaintiff accurately describe what he is experiencing, including the various medications he consumes. Plaintiff also demonstrated excellent recall and recollection of past events. Plaintiff had no difficulty communicating his thoughts to the Court and the Court had no difficulty understanding Plaintiff. For these reasons, Plaintiff's declaration, as augmented by the Court's personal observations, does not provide substantial evidence of mental incompetence.

Although Mr. Gilmore's sworn declaration was submitted only with his *ex parte* motion for appointment of next friend, the Court considered his declaration with Plaintiff's motion for competency hearing. In so doing, the Court finds Mr. Gilmore's declaration lacking because it summarily states that Plaintiff is mentally incompetent and unable to litigate this case on his own. Mr. Gilmore provides no evidence to support his assertion, nor does he provide evidence to suggest he has the proper training to make a determination about Plaintiff's mental competence. Thus, without more, Mr. Gilmore's observations provide little substantial evidence.

Plaintiff failed to provide a letter or declaration from his treating psychiatrist outlining his diagnosis, medications, and treatment program. The letter Plaintiff submitted from Dr. Liang at Exodus Recovery merely states that Plaintiff is a client at Exodus. In <u>Allen</u>, the letter submitted from the prison psychiatrist stating that Petitioner was under the psychiatrist's care, diagnosed with Chronic Undifferentiated Schizophrenia, and was taking two psychotropic medications helped establish substantial evidence of mental incompetence. However, in the instant case, this information is absent.

The majority of the medical records submitted by Plaintiff deal with his physical pain rather than mental health issues. On January 30, 2012 and February 3, 2012, a mental status exam note indicated that Plaintiff was cooperative, alert, and had coherent thought process. (Doc. No. 46 at 14, 44.) Also on February 3, 2012, an individual progress note indicated that Plaintiff's "English is a little broken but can

advocate for self very well." (Doc. No. 46 at 34.) More recently, on January 24, 2013, mental status exam notes indicated that Plaintiff was cooperative, articulate, and had coherent thought processes. (Doc. No. 54 at 2.)  Also on January 24, 2013, Dr. Camellia Clark noted that Plaintiff was "anxious re legal proceedings," demonstrating his awareness of the pending proceedings. Id. The Court finds that Plaintiff's medical records demonstrate that he can effectively respond to court orders, and provide no substantial evidence of mental incompetency.

In sum, the Court finds Plaintiff has failed to provide substantial evidence of mental incompetency required to hold a competency hearing because Plaintiff's mental illness does not prevent him from being able to understand and respond to court orders. Accordingly, the Court **DENIES** Plaintiff's Motion without prejudice.

**Mr. Gilmore's *Ex Parte* Motion and Request for Appoint of Next Friend**

Applying Whitmore, the Court finds that Mr. Gilmore has not met the burden to clearly establish the propriety of his status as next friend. Mr. Gilmore summarily alleges that Plaintiff is mentally incompetent to litigate this case, but he does not present any evidence to support his allegation. In addition, Mr. Gilmore does not provide evidence that he has the proper training to make a determination as to whether Plaintiff can understand and respond to court orders. Mr. Gilmore states he is litigating his own criminal case, is incarcerated, and would be unable to make appearances on Plaintiff's behalf. Thus, the Court does not find that Mr. Gilmore could truly be dedicated to the best interests of Plaintiff. Moreover, Mr. Gilmore does not claim to have a significant relationship with Plaintiff. Therefore, the Court **DENIES** Mr. Gilmore's *Ex Parte* Motion without prejudice.

IT IS SO ORDERED.

DATED: February 25, 2013

Hon. William V. Gallo
U.S. Magistrate Judge