1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  HOANG MINH TRAN,                    )  No. 10-CV-2457-BTM(WVG)
                                        )
12                      Plaintiff,      )  ORDER AFTER ORDER TO SHOW
                                        )  CAUSE HEARING
13                                      )  RECOMMENDING TERMINATING
    v.                                  )  SANCTIONS AGAINST
14                                      )  PLAINTIFF HOANG MINH TRAN
    WILLIAM D. GORE, Sheriff, et al.,   )
15                                      )  REPORT AND
                        Defendants.     )  RECOMMENDATION
16                                      )  REGARDING DEFENDANTS'
                                        )  MOTION FOR SANCTIONS AND
17                                      )  PLAINTIFF'S MOTION TO
                                        )  DISMISS
18  _____  )  (DOC. NOS. 31, 41)

19
           On January 10, 2013, the Court held an Order To Show Cause ("OSC")
20
    Hearing regarding why sanctions should not be imposed against Plaintiff Hoang Minh
21
    Tran ("Plaintiff") for failure to respond to Defendants E. Schroeder ("Schroeder"),
22
    Omar Ortega ("Ortega"), Michael Dalbratt ("Dalbratt"), and Nicholas Ramirez's
23
    ("Ramirez") (collectively "Defendants") discovery requests.  Plaintiff appeared on his
24
    own behalf.  Kevin Kennedy appeared on behalf of Defendants.
25
           The Court, having reviewed the history of this case, the documents filed by the
26
    parties and GOOD CAUSE APPEARING, HEREBY RECOMMENDS THAT
27
    TERMINATING SANCTIONS BE IMPOSED AGAINST Plaintiff.
28

# I.

## <u>FACTUAL BACKGROUND</u>

On November 29, 2010, Plaintiff, a former state prisoner proceeding *pro se*, filed this action against Defendants alleging violations of his civil rights under 28 U.S.C. § 1983. (Doc. No. 1.) On the same date, Plaintiff filed a Motion to Proceed *In Forma Pauperis* and a Motion to Appoint Counsel. (Doc. Nos. 2, 3.)

On May 2, 2011, the District Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and denied his Motion to Appoint Counsel. (Doc. No. 4.) The Court gave Plaintiff thirty days to either (1) notify the Court if he would proceed with the claims the Court determined survived the *sua sponte* screening process or (2) file an Amended Complaint addressing the deficiencies the Court noted. Id.

On May 16, 2011, Plaintiff filed a Motion for Extension of Time to Amend his Complaint. (Doc. No. 5.) On May 19, 2011, the District Court granted the Motion and ordered Plaintiff to file his Amended Complaint no later than July 11, 2011. (Doc. No. 6.)

On June 29, 2011, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 7.)

On September 19, 2011, the District Court issued an Order (1) dismissing Defendant William D. Gore and (2) directing the U.S. Marshal to effect service of the Amended Complaint upon the remaining Defendants. (Doc. No. 8.)

On October 26, 2011, summonses as to each remaining Defendant were returned executed to the Clerk of Court. (Doc. Nos. 10-13.) The executed summonses indicated that the Amended Complaint was served upon the Defendants on October 20, 2011 and their Answers were due by November 10, 2011. Id.

When Defendants filed no answer to the FAC, nor had Plaintiff moved for default, on May 8, 2012, the District Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute. (Doc. No. 17.) Plaintiff

1  was ordered to respond in writing to the OSC by June 4, 2012.  Id.  An OSC Hearing
2  was scheduled for June 8, 2012.  Id.

3      On May 22, 2012, Plaintiff filed a written response to the OSC.  (Doc. No.
4  18.)  In his response, Plaintiff explained that counsel for Defendants disputed the
5  validity of service.  Id.  Plaintiff argued that Defendants were seeking to delay the
6  proceedings and requested the District Court move the case forward.  Id.

7      On May 23, 2012, the District Court issued an OSC as to why default should
8  not be entered. (Doc. No. 19.)  The Court construed Plaintiff's response to the original
9  OSC as a Motion for Entry of Default.  Id.  In addition, the Court vacated the OSC
10  regarding Plaintiff's failure to prosecute and instead set an OSC Hearing for June 8,
11  2012 as to why default should not be entered.  Id.

12      On May 31, 2012, Plaintiff filed a Motion for Default Judgment, Motion for
13  Sanctions, and a Motion for Summary Judgment.  (Doc. No. 21.)  On the same date,
14  Defendants filed an Answer to the Amended Complaint and a Response to the OSC.
15  (Doc. Nos. 22, 23.)

16      On June 8, 2012, the District Court held an OSC Hearing.

17      On June 27, 2012, the District Court issued an Order Denying Plaintiff's
18  Motions for Entry of Default, Default Judgment, Summary Judgment, and Sanctions.
19  (Doc. No. 25.)

20      On June 29, 2012, this Court issued a Case Management Conference Order
21  Regulating Discovery and Other Pretrial Proceedings.  (Doc. No. 26.)  All discovery
22  pertaining to facts was to be completed on or before December 31, 2012.  Id.  In
23  addition, a Mandatory Settlement Conference was scheduled for February 21, 2013.
24  Id.

25      On August 27, 2012, Plaintiff filed his second Motion to Appoint Counsel.
26  (Doc. No. 27.)  This Court denied the Motion on August 31, 2012 because Plaintiff
27  failed to demonstrate extraordinary circumstances.  (Doc. No. 28.)  Further, Plaintiff
28  did not show how his alleged medical conditions prevented him from sufficiently

1  prosecuting his lawsuit. Id. Even at this early stage, it was evident to the Court based
2  upon the content of Plaintiff's numerous pleadings, that he "had a good grasp of his
3  case and the legal issues." Id. at 3.

4      On September 17, 2012, Plaintiff filed his third Motion to Appoint Counsel.
5  (Doc. No. 29.)   This Court again denied the Motion because Plaintiff failed to
6  demonstrate extraordinary circumstances. (Doc. No. 30.) This court also believed, and
7  still does, that Plaintiff's numerous filings demonstrate he has a good grasp of his case
8  and the legal issues involved. Id.

9      On October 10, 2012, Defendants filed a Motion to Compel Plaintiff to
10 Respond to Discovery and a Request for Sanctions. (Doc. No. 31.) In their Motion,
11 Defendants claim that Plaintiff did not respond to each Defendant's interrogatories as
12 well as each Defendant's request for production of documents. Id. Defendants assert
13 that Plaintiff's responses were due by September 12, 2012, but Plaintiff never
14 responded. Id. In addition, Defendants allege that Plaintiff did not request an extension
15 of time to respond. Id. Defense counsel also seeks recovery of costs for bringing the
16 Motion. Id. This Court scheduled a hearing on the Motion for December 4, 2012. Id.

17     On November 8, 2012, Plaintiff filed his fourth Motion to Appoint Counsel
18 under the Americans With Disabilities Act ("ADA"). (Doc. No. 35.) Plaintiff's
19 Motion was again denied by this Court because he failed to demonstrate under the ADA
20 that he was entitled to the appointment of counsel or how his alleged medical
21 conditions prevent him from sufficiently prosecuting his lawsuit. (Doc. No. 36.)

22     Also on November 8, 2012, Plaintiff filed a Motion for Competency Hearing,
23 which this Court construed as his fifth request for the appointment of counsel. (Doc.
24 No. 38.) The Court ordered Plaintiff to submit his 2012 medical records by December
25 17, 2012.  (Doc. No. 39.)  In addition, this Court ordered Defendants to file an
26 Opposition to Plaintiff's Motion by January 14, 2013. Id.

27     On November 19, 2012, Plaintiff filed a Motion to Dismiss this case. (Doc.
28 No. 41.) Plaintiff alleged that his disabilities prevented him from proceeding as a *pro*

*se* litigant.  Id.  Further, Plaintiff stated that since he has been released from custody, he no longer has assistance from other inmates in litigating this case.  Id.  The District Court deferred ruling on the Motion until a determination was made about Plaintiff's competency.  (Doc. No. 42.)

On December 4, 2012, Plaintiff failed to appear for the scheduled Discovery Motion Hearing.  As a result of Plaintiff's failure to appear, this Court issued an OSC requiring Plaintiff to show cause why sanctions should not be imposed for his failure to appear and for his failure to respond to Defendants' discovery requests.  (Doc. No. 44.)  Plaintiff was ordered to respond to the Order in writing by December 27, 2012 and an OSC Hearing was scheduled for January 10, 2013.  Id.

On December 17, 2012, Plaintiff filed his medical records from 2012 as well as his Response to the OSC issued by this Court.  (Doc. No. 46.)

On January 10, 2013, the Court held an OSC Hearing regarding Plaintiff's failure to appear at the Motion Hearing and Defendants' Motion to Compel Plaintiff to respond to Defendants' discovery requests or to impose sanctions.  (Doc. No. 47.)  At the conclusion of the hearing, this Court deferred ruling on the OSC until after ruling on Plaintiff's Motion for Competency Hearing.  Also at the conclusion of the hearing, Plaintiff filed non-party Allen Tracy Gilmore's "*Ex Parte* Motion and Request to Appoint Next Friend or Appoint Counsel to Litigate on Behalf of Hoang Minh Tran due to Incompetence."  (Doc. No. 49.)  Although filed by Mr. Gilmore, the Court construed the Motion as Plaintiff's sixth request for appointment of counsel.

On January 14, 2013, Defendants filed an opposition to Plaintiff's request for a competency hearing.  (Doc. No. 50.)  Defendants argued that Plaintiff understands the nature and extent of the proceedings because at OSC hearings, he offers explanations for his conduct to avoid the imposition of sanctions.  Id.  Defendants also argued that Plaintiff has demonstrated his competency by filing numerous motions and engaging in discussions with the Court.  Id.

On January 16, 2013, Defendants filed their opposition to Mr. Gilmore's *Ex Parte* Motion to be appointed as next friend.  (Doc. No. 51.)  Defendants argued that Mr. Gilmore did "not have the foundational basis to opine that [P]laintiff is incompetent."  Id.  Defendants further argued that Mr. Gilmore did not qualify to be appointed as next friend because he is not an attorney and is incarcerated.  Id.

On February 5, 2013, Plaintiff filed additional medical records from Family Health Centers of San Diego.  (Doc. No. 54.)

On February 25, 2013, this Court issued an order denying without prejudice Plaintiff's Motion for Competency Hearing and Mr. Gilmore's Motion to be appointed as next friend.  (Doc. No. 55.)  This Court found that Plaintiff "failed to provide substantial evidence of mental incompetency required to hold a competency hearing because Plaintiff's mental illness does not prevent him from being able to understand and respond to court orders."  Id. at 8.  Most importantly, it was plainly evident that Plaintiff was very competent to handle his own case.  He amply demonstrated through his articulate and sophisticated arguments that he was capable to litigate this lawsuit *pro se*.  Id. at 6.  Further, the Court denied Mr. Gilmore's request to be appointed as next friend because the Court does not believe that Mr. Gilmore could truly be dedicated to the best interests of Plaintiff, nor did Mr. Gilmore claim to have a significant relationship with Plaintiff.  Id. at 8.

On March 19, 2013, Plaintiff filed an appeal to the Ninth Circuit of this Court's order denying his motion for competency hearing. (Doc. No. 56.) On April 25, 2013, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. No. 59.) This Court now submits this Report and Recommendation for the District Court's consideration.

## II.

## ANALYSIS

Federal Rule of Civil Procedure 16(f) states in pertinent part:

On motion or on its own, the court may issue just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party...

> (A) fails to appear at a ... pretrial conference;
> ...
> (C) fails to obey a ... pretrial order.

Federal Rule of Civil Procedure 37(b)(2)(A) states in pertinent part:

> ... the court... may issue further just orders. They may include the following:
> ...
> (v) dismissing the action or proceeding in whole or in part...

If a party fails to obey a court order, the court may sanction the disobedient party by striking pleadings, staying further proceedings pending compliance, or terminating the action by default or dismissal.  USA ex. rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., Inc., 857 F.2d 600 (9th Cir. 1988)(terminating sanctions upheld for, *inter alia,* failure to obey a court order to produce documents); Toth v. TWA, 862 F.2d 1381 (9th Cir. 1988) (terminating sanctions upheld for failure to obey a court order to provide discovery).

Dismissal as a sanction is authorized only in "extreme circumstances." Fjelstad v. American Honda Motor Co., Inc. 762 F.2d 1334, 1338 (9th Cir. 1985) (terminating sanctions upheld for failure to obey a court order to provide discovery), Wiltec Guam, supra, at 603.  In order to warrant imposition of such a severe sanction, the conduct of the disobedient party must be "due to wilfulness, bad faith or fault." Wiltec Guam, supra, at 603.

The Ninth Circuit has identified five factors that a court must consider before dismissing an action as a sanction:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the other party;
>
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic sanctions.

Leon v. IDX Systems, 464 F.3d 951 (9th Cir. 2006)(terminating sanctions upheld for willful destruction of evidence); Adriana International Corp. v. Thoren, 913 F.2d 1406,

1412 (9th Cir. 1990) (terminating sanctions upheld for failure to obey court orders to provide discovery and to appear for a deposition); <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) <u>cert.</u> <u>denied</u> 488 U.S. 819 (1988)(terminating sanctions upheld for failure to obey court order); <u>Area 55, Inc. v. Celeras</u>, 2011 WL 1375307 at *2 (S.D. Cal. 2011) (terminating sanctions for failure to obey court order); <u>McReynolds v. Midland Credit Mgmt.</u>, 2011 WL 7477676 (S.D. Cal. 2011) (terminating sanctions for failure to attend court-ordered hearing).

Where a court order is violated, the first two factors support sanctions while the fourth factor argues against dismissal. <u>Adriana International</u>, <u>supra</u>, at 1412; <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1991) (terminating sanctions upheld for failure to obey court order); <u>McReynolds</u>, <u>supra</u> at *2. The public's interest in expeditious resolution of litigation always favors dismissal. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (terminating sanctions upheld for failure to obey court order). Here, Plaintiff has violated the Court's Case Management Conference Order by not responding to Defendants' discovery requests and failed to appear at the Motion Hearing. (Doc. Nos. 26, 43.)  Therefore, the third and fifth factors are determinative of the result.

As to the third factor, a party suffers prejudice if the disobedient party's actions impair the opposing party's ability to go to trial or threatens to interfere with the rightful decision of the case. <u>Malone</u>, <u>supra</u>, at 131. Failure to obey a court order is considered sufficient prejudice. Here, Plaintiff's failure to comply with the Case Management Conference Order in this case and most importantly, failure to provide discovery, constitute an interference with the rightful decision of this case. Consequently, Defendants have been prejudiced by Plaintiff's failures. <u>Malone</u>, <u>supra</u>, at 131; <u>Area 55</u>, <u>supra</u> at *2; <u>McReynolds</u>, <u>supra</u>, at *2.

Plaintiff claims he failed to respond to Defendants' discovery requests because he suffers flashbacks when he reviews the requests.  This Court cautioned Plaintiff that he is required to answer Defendants' discovery requests even though it may make him

emotional. This Court found Plaintiff intellectually and physically capable to handle the discovery in this case, however, he has yet to respond to any of Defendants' requests.

The fifth factor requires the court to consider the availability of less drastic sanctions. The Ninth Circuit has identified a three part analysis that courts must use to determine whether the adequacy of less drastic sanctions has been properly considered:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate?
> (2) Did the court implement alternative sanctions?
> (3) Did the court warn the disobedient party of the possibility of dismissal before actually ordering dismissal?

Adriana International, supra, at 1412, Malone, supra, at 132; McReynolds, supra at *2.

Here, it is evident that no less drastic sanction other than dismissal is appropriate in this case. Plaintiff has already failed to comply with court orders regarding court appearances and to respond to Defendants' discovery demands. In addition, the Court warned Plaintiff that his failure to appear at court ordered hearings and failure to comply with his discovery obligations in this case may subject him to sanctions. Moreover, Plaintiff appears to have abandoned any interest in prosecuting this litigation by filing a Motion to Dismiss. Moreover, it also appears to this Court that Plaintiff is using his medical and psychological issues as excuses to avoid his legitimate responsibilities in this lawsuit. As the Court previously stated, it may be difficult for Plaintiff to prosecute this case given his circumstances. However, he is more than capable despite his infirmities. Therefore, every justification exists and all criteria necessary to impose the ultimate sanction of dismissal have been met.

Plaintiff's failure to obey orders of this Court, his failure to comply with his discovery obligations in this case, as detailed above, and his own Motion to Dismiss the case leave the Court with no alternative but to RECOMMEND that the District Court DISMISS Plaintiff's case in its entirety, with prejudice.

# III.

## CONCLUSION AND RECOMMENDATION

After a review of the record in this matter, the undersigned Magistrate Judge RECOMMENDS that the District Court DISMISS Plaintiff's case in its entirety, with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than May 28, 2013 any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than June 13, 2013. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2013

Hon. William V. Gallo
U.S. Magistrate Judge