# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>　　　　　Defendants. | Case No. 10cv2457 BTM(WVG)<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION; GRANTING MOTION TO COMPEL; DENYING WITHOUT PREJUDICE MOTION FOR SANCTIONS; DENYING MOTION TO DISMISS; DENYING MOTION FOR RELIEF** |

In a Report and Recommendation (R&R) filed on April 29, 2013, Magistrate Judge Gallo recommends that terminating sanctions be imposed against Plaintiff and that Plaintiff's case be dismissed in its entirety with prejudice. Plaintiff filed an objection to the Report and Recommendation. The Court has conducted a de novo review, and for the reasons discussed below, the Court **ADOPTS** in part the report and recommendation and grants Plaintiff 30 days within which to either respond to the outstanding discovery or file a request for dismissal.

Magistrate Judge Gallo found that Plaintiff's failure to respond to Defendants' discovery requests was not justified, despite his medical issues, and that failure to comply with his discovery obligations called for the ultimate sanction of dismissal. Plaintiff objects to the R&R, arguing that he provided sufficient evidence to Judge Gallo that he is incompetent and is unable to

litigate this case without assistance.

Previously, Plaintiff filed a motion for a competency hearing (Doc. 38) and submitted medical records in support of his motion. (Doc. 46 & 54.) Judge Gallo reviewed these records and determined that the medical records did not establish that Plaintiff was so impaired that he was unable to understand and respond to court orders. (Order Denying Plaintiff's Motion Requesting Competency Hearing, Doc. No. 55.) Judge Gallo also observed that when Plaintiff appeared before him for a show cause hearing, Plaintiff was very articulate and coherent and had no difficulty communicating with the Court. Accordingly, Judge Gallo denied Plaintiff's motion for a competency hearing and denied a motion filed by Allan Tracy Gilmore to be appointed next friend for Plaintiff.

The Court agrees with Judge Gallo that Plaintiff did not make the showing required for a competency hearing. A court must conduct a competency hearing when "a substantial question exists regarding the mental competence of a party proceeding pro se." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). A person is mentally incompetent if he suffers from a mental illness that prevents him from being able to understand and respond to the court's orders. Id. at 1152.

The medical records submitted by Plaintiff showed that he suffered from mental illness as well as physical ailments but did not reveal impairment rising to the level of incompetence. Indeed, mental status examinations on different dates indicated that Plaintiff was alert, oriented, coherent, and cooperative, with appropriate judgment and insight. (Doc. 46 at 14, 44; Doc. 54 at 2-5.) One doctor's note stated, "English is a little broken but can advocate for self very well." (Doc. 46 at 34.)

Furthermore, Judge Gallo observed Plaintiff's demeanor and conduct and did not find evidence of incompetence. Similarly, Magistrate Judge Major in

another case filed by Plaintiff observed Plaintiff during a hearing and did not see any behavior or statements indicating mental incompetence. (Tran v. Gore, 10cv2682 BTM(BLM), Doc. 56 at 9.) Judge Major found that Plaintiff's responses were appropriate to the Court's questions and indicated that he clearly understood the proceedings. (Id.)

Plaintiff has submitted additional evidence in connection with his objection to the R&R. This evidence consists of declarations by Plaintiff, Mr. Gilmore, and Plaintiff's father, Minh Ky Tran, as well as additional medical records. Plaintiff, Mr. Gilmore, and Plaintiff's father conclude that due to Plaintiff's chronic pain and mental instability, Plaintiff cannot effectively understand the Court's orders and cannot litigate this action by himself. (Doc.64 at 21, 37, 39.) However, these conclusions are not supported by facts. Plaintiff's father recounts episodes where Plaintiff experienced psychosis, impulsive aggression and/or depression/suicidal thoughts. But these episodes do not show that Plaintiff was generally incapable of understanding and following Court orders.

Like the previously submitted medical records, the supplemental medical records do not establish severe impairment rising to the level of incompetence. For example, the mental health examination on September 25, 2012, showed that Plaintiff was alert, oriented, coherent, cooperative, with normal speech, normal memory, and average intellect, although limited judgment and insight. (Doc. 64 at 17.) Grace Ning, Psy. D., stated that Plaintiff's symptoms, including poor sleep, anxiety, depressed mood, poor concentration, auditory hallucinations, frequent headaches and dizziness, and chronic pain, "have led to impairment in Mr. Tran's social and occupational functioning." (Doc. 66 at 4.) However, Dr. Ning does not provide any opinion regarding the *extent* of impairment - that Plaintiff is impaired to some degree is not questioned by the Court.

The Court finds that Plaintiff has not shown that a substantial question exists regarding his mental competence. Therefore, Magistrate Judge Gallo did not err in denying his motion for a competency hearing and holding that Plaintiff's mental impairments did not excuse his failure to respond to Defendants' discovery requests. Therefore, the Court **ADOPTS** the Report and Recommendation to the extent that it finds that Plaintiff's failure to respond to Defendants' discovery was not justified.

Plaintiff previously moved to dismiss this case due to his physical and mental impairments, but the Court deferred ruling on the motion until after resolution of the competency issue. Now that the Court has dealt with the competency issue, Plaintiff must decide whether to go forward with this action representing himself or whether he still wishes to dismiss the action. Because Plaintiff moved to dismiss before resolution of the competency issue, his motion is **DENIED** without prejudice to refiling as set forth below.

**Within 30 days of this Order, Plaintiff must either (1) respond to Defendants' discovery requests and file a declaration with the Court that he has done so, or (2) file a new request for dismissal. Failure to do either will result in dismissal of this case with prejudice. If Plaintiff files a new request for dismissal, Defendants shall, within 10 days of the filing of the request, file a response which indicates whether Defendants object to dismissal without prejudice.**

///
///
///
///
///
///
///

| | |
|---|---|
| 1 | The Court **GRANTS** Defendants' motion to compel discovery [Doc. 31] and **DENIES WITHOUT PREJUDICE** Defendants' motion for sanctions. If Plaintiff chooses to go forward with this action, Defendants may renew their motion for sanctions. The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's motion to dismiss [Doc. 41] and **DENIES** Plaintiff's motion for relief. [Doc. 46]. |

**IT IS SO ORDERED.**

DATED: August 30, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court